# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PATRICIA COULTER,

      Petitioner,

v.                                                           Civil No. 00-970 BB/WWD

BILL SNODGRASS, et al.,

      Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
**Proposed Findings**

    1. THIS MATTER comes before the Court upon Respondent's Motion to Dismiss, filed August 15, 2000 **[docket # 10]**. No response brief has been filed. Petitioner ("Coulter"), who has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, is incarcerated and is proceeding *pro se* and *in forma pauperis*. Coulter is confined pursuant to the judgment, sentence and commitment of the Twelfth Judicial District in the Court of Otero County for the crimes of heroin possession, tampering with evidence, concealing identity and possession of drug paraphernalia. Because she had been convicted of two prior felonies, Petitioner was sentenced under the state's habitual offender statute.

**Background**

    2. On the evening of April 1, 1998, Officer John Serna ("Serna") was watching a particular mobile home in a trailer park in Alamogordo, New Mexico. He followed a blue car

containing a male driver and female passenger, later identified to be Coulter.[1] Serna observed Coulter get out of the car, enter the trailer, and exit from the trailer less than two minutes later. He followed the blue car to another trailer home in the park, without activating his police emergency lights. Serna parked behind the blue car. Although Coulter alleged that the police car blocked her in, there was testimony at trial that the car was not blocked in. Serna approached the car occupants and inquired of the occupants what they were doing there. He was told they were visiting a friend. All three of them went inside the trailer. Coulter was the first to leave the trailer, but her companion remained inside. There was some testimony at trial regarding the trailer resident wishing them all to leave.

    3. Officer Serna then asked Coulter and her companion if they had any drugs on them. They said no. Serna then asked if he could conduct a search. According to the testimony, Serna stated that both individuals said yes, but Petitioner alleged that although she complied with Serna's request to raise her blouse and pant legs to show whether she was concealing any drugs in those areas, she did not give consent for him to search her purse but rather took the items out of her purse herself to show him the contents. A Walgreen's sack on the floor of the car was found to contain two bags of syringes, one of which was opened.

    4. There is also some discrepancy regarding Coulter's concealment of her identity. Serna testified that Coulter told him she was Tina Woods. In her petition, Coulter states that she told him "no" when asked to provide identification, but pointed to her wallet which "flipped open,"

---

[1] These facts are from the docketing statement, Petitioner's memorandum in opposition to proposed summary affirmance by the court of appeals, and the court of appeals opinion. Exs. B, D, E. Unless otherwise noted, the facts presented in these documents are consistent and undisputed.

revealing her picture and name. Pet. at 5(b). Serna also apparently testified that he had "earlier asked who she was," then saw her identification in her wallet and ran an I.D. check. Ex. B at 5. [2]

5. After her arrest, Coulter was searched at the jail and a warrant was obtained to conduct a body cavity search at the hospital. As a result of the evidence found during these searches, Petitioner was charged with possession of cocaine and heroin.

## Discussion

6. Petitioner raises one issue in this petition: that the trial court erred in denying her motion to suppress evidence at trial. Respondent contends that the issue is precluded from federal habeas review on the basis that she has had a full and fair opportunity to litigate the Fourth Amendment claim in state court. See Stone v. Powell, 428 U.S. 465 (1976) (federal habeas corpus relief is not available to redress violations of the Fourth Amendment exclusionary rule when defendant has had a full and fair opportunity to litigate the claim); Withrow v. Williams, 113 S.Ct. 1745 (1993).

7. In this case, Coulter had a hearing in state court on a motion to suppress all physical evidence at trial as a result of the alleged illegal search and seizure of Petitioner. This evidence -- two bags of syringes, a rock of cocaine, a bottle cap and another syringe -- was recovered from the search conducted in a trailer park and subsequently from a strip search following her arrest. Ex. B at 2.

8. The trial judge denied the motion to suppress, making factual findings that the circumstances of Officers Serna's approach were not coercive and that the encounter at the

---

[2] It is undisputed that there were outstanding municipal warrants on Coulter, but Petitioner maintains that they were not discovered until after her arrest at the trailer park and that she was not arrested on those warrants until later in the night.

3

second trailer was not a detention. The court also found that Coulter had given consent voluntarily and intelligently to conduct the search. Ex. D at 6.

9. The state court of appeals affirmed the trial court's denial of the motion to suppress. Ans., Ex. E. Petitioner also raised the issue in a state habeas petition, which was also denied. Ex. H, I. The court of appeals reviewed the evidence and agreed with the trial court's factual and legal findings regarding whether a seizure had occurred and whether Coulter had given consent for the search, relying on state law which closely follows the standards set out under United States Supreme Court law. As to the factual discrepancies in the testimony, the state court acknowledged that "[i]nsofar as there was conflicting testimony regarding the basis for [Coulter's] arrest, it was for the trial court to resolve these factual questions." Ex. E at 4.

10. Generally, a person is not "seized" for purposes of the Fourth Amendment unless, "considering all the surrounding circumstances, the police conduct would have communicated to a reasonable person that the person was not free to decline the officers' requests or otherwise terminate the encounter." See U.S. v. King, 990 F.2d 1552, 1556 (10th Cir. 1993) (quoting Florida v. Bostick, 501 U.S. 429, 439 (1991) (internal quotation omitted)).

11. In this case, the state court determined that the manner in which Officer Serna had approached Coulter, i.e., without activating the police emergency lights, was controlling in determining whether there was a seizure. The court emphasized that factual discrepancies should be resolved by the trial court and found that the trial court's determination that the blue car in which Coulter was riding was not blocked in "would clearly be supported by substantial evidence." Ex. E at 3.

12. Under federal law as well as state law, the burden of proving voluntariness of consent

rests with the State and depends on "the totality of all the surrounding circumstances, including the individual characteristics of the person who gave consent, the circumstances under which the person is detained, and the manner in which police requested the search." State v. Duffy, 126 N.M. 132 (1998) (citing Schneckloth v. Bustamonte, 412 U.S. 218, 226-29 (1973)).  After affirming the trial court's finding that Coulter had given consent for the search, the court of appeals stated that Coulter presented no evidence on appeal which would indicate a show of force or authority by Officer Serna prior to the giving of consent which would have indicated to a reasonable person that she was not free to leave.

13.  The court further determined that Officer Serna's conduct after the car pulled over, including the questioning that took place, did not amount to a stop under the Fourth Amendment. See King, 990 F.2d 1552, 1556 (10th Cir. 1993) ("law enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place") (quoting Florida v. Bostick, 501 U.S. at 434), and that Coulter had not presented any evidence that the encounter either "continued for an unreasonable amount of time or was coerced such that would invalidate the consent to search." Ex. E at 3.[3]

14. Thus, the state court of appeals allowed the resolution of the factual disputes by the trial court to stand, and upheld the trial court's legal conclusions as well:  there was no seizure of Coulter when the blue car pulled over in the trailer park; there was no unlawful detention during the subsequent encounter with Officer Serna, and the consent to search was valid; and because Coulter had given Serna a false name, the arrest was valid for the charge of concealing identity.

---

[3] The state court relied on State v. Montoya, 94 N.M. 542, 544 (Ct.App. 19890) for the similar proposition that "a suspicious officer has as much right as any member of the public to ask questions of a person without a requirement of reasonable suspicion." Ex. E at 3.

15. Therefore, I agree with Respondent that Petitioner's sole issue raised in the federal petition should be barred from federal habeas review in this Court under Stone v. Powell; see e.g., Smallwood v. Gibson, 191 F.3d 1257, 1265 (10th Cir. 1999) (agreeing with district court that Stone barred habeas relief on fourth amendment claim where petitioner had such opportunity in that he had a motion to suppress the evidence resulting from his alleged unlawful seizure, objected to its admission at trial, and raised the issue on direct appeal, where court applied appropriate Supreme Court precedent and found no unconstitutional detention).

16. Moreover, even if this claim were not barred under Stone, the proper analysis would be one which also relied on federal law but which defers to the state court findings in the case, as set out in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[4] Because I do not find the state court findings on the issue to have resulted in a "decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," I would come to the same conclusion as above in that Petitioner should be denied relief on this ground.  See 28 U.S.C. § 2254(d).

17. Under AEDPA, factual findings from state court proceedings are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Because Petitioner presents no such evidence, the factual disputes raised again in this petition cannot be considered.

---

[4] Pub.L.No. 104-132, tit.I, sec. 104 (codified at 28 U.S.C. §§ 2254(d),(e) (April 24, 1996)).

**Recommendation**

I recommend that Respondent's Motion to Dismiss **[docket # 10]** be GRANTED; that Petitioner's application for Writ of Habeas Corpus be DENIED; and that this cause be DISMISSED WITH PREJUDICE in its entirety.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE